O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | ) NO. CV 13-4290-RGK (MAN) |
| Petitioner, | ) ORDER: DISMISSING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| v. | ) WITH PREJUDICE; AND DENYING |
| | ) CERTIFICATE OF APPEALABILITY |
| RON DAVIS, WARDEN, | ) |
| Respondent. | ) |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 14, 2013 ("Petition"). The Petition challenges a February 8, 2010 conviction sustained by petitioner in Los Angeles Superior Court Case No. BA362256 (the "BA362256 Conviction"). This is the fourth Section 2254 petition filed by Petitioner in this district challenging the BA362256 Conviction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the instant Petition is required, because as Petitioner has been advised repeatedly, this Court lacks jurisdiction to consider any challenge to the BA362256 Conviction.

On February 8, 2010, Petitioner was convicted of perjury in Case No. BA362256, and on August 30, 2010, he was sentenced to a total term of two years in prison, with his sentence suspended, and he was placed on probation for three years, with conditions. However, on September 9, 2010, the Los Angeles Superior Court terminated the probation imposed in connection with the BA362256 Conviction and discharged Petitioner pursuant to California Penal Code § 1203.3.[1] Petitioner's appeal of the BA362256 Conviction was unsuccessful at all levels: the California Court of Appeal affirmed the conviction; the California Supreme Court denied review; and the United States Supreme Court denied certiorari.

After he sustained the BA362256 Conviction but before he was sentenced, Petitioner sustained convictions in two other Los Angeles Superior Court cases. He ultimately was sentenced to 16 years, eight months on those other convictions, which are the subject of another Section 2254 habeas action that presently is pending in this district.

On December 29, 2011, Petitioner filed a Section 2254 habeas petition in this district challenging the BA362256 Conviction (Moon v.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of all filings and lodgments in prior cases brought by Petitioner in this district, including those actions described *infra*. Those prior actions contain documentation and findings which provide the basis for the summary of prior events described herein.

court." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the instant Petition is required, because as Petitioner has been advised repeatedly, this Court lacks jurisdiction to consider any challenge to the BA362256 Conviction.

On February 8, 2010, Petitioner was convicted of perjury in Case No. BA362256, and on August 30, 2010, he was sentenced to a total term of two years in prison, with his sentence suspended, and he was placed on probation for three years, with conditions. However, on September 9, 2010, the Los Angeles Superior Court terminated the probation imposed in connection with the BA362256 Conviction and discharged Petitioner pursuant to California Penal Code § 1203.3.[1] Petitioner's appeal of the BA362256 Conviction was unsuccessful at all levels: the California Court of Appeal affirmed the conviction; the California Supreme Court denied review; and the United States Supreme Court denied certiorari.

After he sustained the BA362256 Conviction but before he was sentenced, Petitioner sustained convictions in two other Los Angeles Superior Court cases. He ultimately was sentenced to 16 years, eight months on those other convictions, which are the subject of another Section 2254 habeas action that presently is pending in this district.

On December 29, 2011, Petitioner filed a Section 2254 habeas petition in this district challenging the BA362256 Conviction (Moon v.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of all filings and lodgments in prior cases brought by Petitioner in this district, including those actions described *infra*. Those prior actions contain documentation and findings which provide the basis for the summary of prior events described herein.

1  Junious, CV 11-10806-MLG (the "First Action")).  The First Amended
2  Petition filed in the First Action alleged the same claims as are
3  alleged in the instant Petition.  On May 15, 2012, the First Action was
4  dismissed without prejudice on the ground that no jurisdiction to
5  consider the case existed, because Petitioner was not "in custody"
6  pursuant to the BA36225 Conviction at the time the case was filed, as is
7  required by 28 U.S.C. § 2254(a.)  The Order dismissing the First Action
8  expressly found that:  it was undisputed Petitioner was discharged from
9  probation on the BA362256 Conviction on September 9, 2010; that
10 discharge terminated any significant restraint on Petitioner arising
11 from the BA362256 Conviction; Petitioner's present incarceration stems
12 from state criminal convictions distinct from the BA362256 Conviction;
13 and Petitioner's present incarceration does not satisfy the Section
14 2254(a) "in custody" requirement for purposes of any challenge to the
15 BA362256 Conviction.  Petitioner did not appeal the dismissal of the
16 First Action.

18     Within weeks of the dismissal of the First Action, Petitioner filed
19 another Section 2254 habeas petition challenging the BA362256 Conviction
20 (Moon v. Vasquez, CV 12-4971-RGK (MLG) (the "Second Action").  The
21 petition filed in the Second Action alleged the same claims as are
22 alleged in the instant Petition.  By Order and Judgment filed on July
23 23, 2012 (and entered on August 2, 2012), the Court dismissed the Second
24 Action with prejudice again on the ground that the Court lacked
25 jurisdiction to consider any challenge to the BA362256 Conviction,
26 because Petitioner was not in custody pursuant to that conviction.
27 Petitioner appealed, and on September 28, 2012, the United States Court
28 of Appeals for the Ninth Circuit denied a certificate of appealability

(Case No. 12-56616).

Before the Ninth Circuit acted on the pending appeal in the Second Action, Petitioner filed a third Section 2254 habeas petition in this Court challenging the BA362256 Conviction (<u>Moon v. Spearman</u>, CV 12-8022-RGK (MLG) (the "Third Action"). Like the two cases before it, the Third Action raised the same claims as are alleged in the instant Petition. On September 25, 2012, the Court summarily dismissed the Third Action with prejudice on the ground, *inter alia*, that jurisdiction was lacking. Petitioner appealed, and on March 18, 2013, the Ninth Circuit denied a certificate of appealability (Case No. 12-56881).

In its Order dismissing the Third Action, the Court stated:

> Petitioner's repeated filing of the same petition with the expectation of a different result is an abuse of the judicial process and a burden on the Court. Petitioner is barred from filing further petitions, motions, or pleadings in this Court attacking the 2010 perjury judgment.
>
> Petitioner is further placed on notice that the continuation of his repetitive filings of meritless petitions and complaints, false stipulations, and frivolous motions for bail and recusal of judges, will result in his being designated a vexatious litigant and the entry of a pre-filing order that will curtail his ability to file pleadings in this court without prior judicial scrutiny. . . .

4

(September 25, 2012 Order in Third Action at 4; citations omitted.)

Despite these warnings, Petitioner had filed a fourth, effectively identical Section 2254 petition challenging the BA362256 Conviction -- in direct violation of the Court's September 25, 2012 Order. That same petition has been dismissed twice now *with prejudice* and the Ninth Circuit has rejected Petitioner's appeals. Accordingly, the Court's finding that there is no jurisdiction to consider Petitioner's habeas challenge to the BA362256 Conviction is res judicata. Petitioner's continued attempts to challenge the BA362256 Conviction under Section 2254 not only are legally frivolous and specious, but they are also violative of a Court Order and could be found to be contemptuous. *See* Shillitani v. United States, 384 U.S. 364, 370, 86 S. Ct. 1531 (1966)("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984)(a district court "has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court").

It is plain that the Court lacks jurisdiction to consider the Petition. This action must be dismissed with prejudice for the same reason that the First Action, Second Action, and Third Action were dismissed, *i.e.,* lack of jurisdiction.

**Petitioner is advised that, if he files or attempts to file *any* further document in this district that reasonably can be construed as an attempt to challenge the BA362256 Conviction, he will be found to be in civil contempt and will be**

**sanctioned appropriately, including, but not limited to, by the entry of a pre-filing order.**

Accordingly, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Judgment herein on Petitioner.

DATED: June 18, 2013

                          R. GARY KLAUSNER
                      UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE